

# The Attorney General of Texas

April 24, 1981

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Robert O. Viterna
Executive Director
Texas Commission on Jail Standards
1414 Colorado, Suite 500
Austin, Texas 78711

Opinion No. MW-328

Re: Whether article 5115.1, V.T.C.S., requires the Texas Commission on Law Enforcement Officer Standards and Education to establish minimum standards for persons employed in city jails under contract with counties to house county prisoners

Dear Mr. Viterna:

You ask whether a city jail holding county prisoners pursuant to a contract entered into under the Interlocal Cooperation Act, article 4413(32c), V.T.C.S., thereby becomes a county jail for purposes of having its employees certified by the Texas Commission on Law Enforcement Officer Standards and Education.

Article 5115.1, V.T.C.S., defines "county jail" as "any jail, lockup, or other facility that is operated by or for a county." Sec. 2 (emphasis added). Every word of a statute must be presumed to have been used for a purpose and must be given effect if possible. Eddins - Walcher Butane Co. v. Calvert, 298 S.W. 2d 93 (Tex. 1957); L & M-Surco Manufacturing, Inc. v. Winn Tile Co., 580 S.W. 2d 920 (Tex. Civ. App. - Tyler 1979, writ dism'd). If the language "or for a county" is to have meaning, it must include jails operated by a city but utilized by a county under contract to confine county prisoners. Thus, such city jails would constitute county jails for purposes of article 5115.1, V.T.C.S.

Article 5115.1, V.T.C.S., provides in section 14 as follows:

> Sec. 14. (a) The Commission on Law Enforcement Officer Standards and Education shall establish minimum physical, mental, educational, and moral standards for persons employed or utilized in the operation of county jails.

As we have defined "county jails," the personnel of city jails under contract with the county for the retention of prisoners are subject to the provisions of section 14. This construction serves an underlying purpose of article

5115.1, V.T.C.S., that only suitably qualified jail personnel shall participate in the handling of county prisoners.

## S U M M A R Y

A city jail holding county prisoners pursuant to contract thereby becomes a county jail for purposes of article 5115.1, V.T.C.S., so that its employees are required to be certified by the Texas Commission on Law Enforcement Officer Standards and Education.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Bruce Youngblood